IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KRISTA ABELS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 1:23-cv-02811-TWT |
| UNITEDHEALTHCARE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | |

## ANSWER OF UNITEDHEALTHCARE INSURANCE COMPANY

Now comes UnitedHealthcare Insurance Company ("UHC"), defendant in the above-styled action, and answers plaintiff's complaint as follows:

## FIRST DEFENSE

The denial of plaintiff's request for prior authorization was not arbitrary or capricious, or an abuse of discretion.

## SECOND DEFENSE

The prior authorization requested by plaintiff was properly denied because the treatment sought is experimental or investigational as those terms are defined by the plan.

## THIRD DEFENSE

The prior authorization requested by plaintiff was properly denied because the treatment sought is not medically necessary within the meaning of the plan.

## FOURTH DEFENSE

The denial of the request for prior authorization was affirmed by an

independent external medical reviewer.

## FIFTH DEFENSE

UHC answers the numbered paragraphs of plaintiff's complaint as follows:

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement

Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, *et. seq.*

Paragraph 1 is admitted.

2.

Jurisdiction and venue are proper in this court.

Paragraph 2 is admitted.

3.

Plaintiff, Krista Abels (hereinafter "Plaintiff") is a resident of the State of

Georgia.

Paragraph 3 is admitted upon information and belief.

4.

Defendant, UnitedHealthcare Insurance Company (hereinafter "Defendant"),

is a foreign corporation doing business for profit in Georgia.  Defendant may be

served with process, pursuant to the Federal Rules of Procedure, by and through its registered agent, CT Corporation, 289 S. Culver St., Lawrenceville, Georgia 30046-4085.

Paragraph 4 is admitted.

5.

Defendant negotiated, maintained and administered the health insurance policy at issue in this complaint.

Answering paragraph 5, UHC admits that it issued the group policy at issue and that it administers claims thereunder.  Except as herein set out, paragraph 5 is denied as alleged.

## II.  STATEMENT OF FACTS

6.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 5 stated above.

For answer to paragraph 6, UHC adopts and incorporates by reference its answers to paragraphs 1 through 5 the same as if herein set out verbatim.

7.

Defendant contracts with ADP Totalsource, Inc. to provide health insurance benefits ultimately to Plaintiff with a policy number GA0Q4641BW.

Answering paragraph 7, UHC admits that it issued Group Policy No. GA0Q4641BW to ADP Totalsource, Inc. for the purpose of providing certain medical expense benefits to eligible employees of the group policyholder, and their eligible dependents, including plaintiff, as part of an employee welfare benefit plan ("the plan").

8.

Plaintiff was insured under Defendant's UnitedHealthcare Choice Plus policy through her husband who is an employee of ADP Totalsource, Inc.

Answering paragraph 8, UHC admits that plaintiff was covered under the plan as a dependent.

9.

Defendant pays for these benefits out of its own assets.

Paragraph 9 is admitted.

10.

Plaintiff suffers from chronic abdominal pain status post cholecystectomy complicated by a bile leak status post placement of a bilary stent.

Paragraph 10 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.

Her pain has been ongoing since April of 2021.

Paragraph 11 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12.

The pain is chronic and intractable.

Paragraph 12 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13.

Plaintiff has failed numerous pharmacological therapies.

Answering paragraph 13, UHC admits that plaintiff's physician has stated that plaintiff has failed, or has not sustained long term benefit from, several pharmacological therapies.  Except as herein set out, paragraph 13 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.

Plaintiff has also undergone several injections with minimal benefit.

Answering paragraph 14, UHC admits that plaintiff's physician has identified injections undergone by plaintiff with minimal benefit.  Except as herein set out, paragraph 14 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.

Plaintiff has had multiple emergency room visits and multiple surgeries including repeated ERCPs.

Answering paragraph 15, UHC admits that plaintiff's physician has stated that plaintiff has made multiple emergency room visits and undergone multiple surgeries, including repeat ERCPs.  Except as herein set out, paragraph 15 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.

Plaintiff's doctor recommended the placement of a Medtronic Spinal Cord Stimulation System to address the condition by targeting dorsal column stipulation for pain relief.

Paragraph 16 is admitted.

17.

On June 11, 2022, Defendant denied coverage stating that the procedure was experimental or investigational or unproven.

Answering paragraph 17, UHC admits that plaintiff's request for prior authorization for the procedure was denied in June 2022, on the grounds that the requested procedure was experimental or investigational or unproven within the meaning of the plan.

18.

Experimental or Investigational Service(s) is defined under the policy as – medical, surgical, diagnostic, psychiatric, mental health, substance-related and addictive disorders or other health care services, technologies, supplies, treatments, procedures, drug therapies, medications or devices that, at the time we make a determination regarding coverage in a particular case, are determined to be any of the following:

- Not approved by the U.S. Food and Drug Administration (FDA) to be lawfully marketed for the proposed use and not identified in the American Hospital Formulary Service or the United States Pharmacopoeia Dispensing Information as appropriate for the proposed use.

- Subject to review and approval by any institutional review board for the proposed use.  (Devices which are FCA approved under the Humanitarian Use Device exemption are not Experimental or Investigational.)

- The subject of an ongoing clinical trial that meets the definition of a Phase I, II or III clinical trial set forth in the FDA regulations, regardless of whether the trial is actually subject to FDA oversight.

Answering paragraph 18, UHC admits that the quoted language appears in the plan and is a partial definition of the term "Experimental or Investigational Services(s)."

19.

On August 19, 2022, Plaintiff's doctor, Dr. Margaret Riso, appealed this decision arguing that it was absolutely necessary that Plaintiff receive this coverage due to her pain.

Answering paragraph 19, UHC admits that Dr. Riso submitted an appeal under date of August 19, 2022. For further response, UHC prays reference to said appeal, for a full disclosure of its contents and denies all allegations inconsistent therewith.

20.

On September 26, 2022, Defendant upheld the denial of benefits but changed the reason for denial arguing that the treatment was not medically necessary.

Answering paragraph 20, UHC admits that it upheld the denial of prior authorization and advised plaintiff of that decision by letter dated September 26, 2022. For further response, UHC prays reference to its letter of September 26, 2022, which speaks for itself, for a full disclosure of its contents and denies all allegations inconsistent therewith.

21.

Medically Necessary is defined under the policy as – health care services that are all of the following as determine[sic] by use or our designee:

- <u>In accordance with Generally Accepted Standards of Medical Practice</u>.

- <u>Clinically appropriate, in terms of type, frequency, extent, service site and duration, and considered effective for your Sickness, Injury, Mental Illness, substance-related and addictive disorders, disease or its symptoms</u>.

- <u>Not mainly for your convenience or that of your doctor or other health provider</u>.

- <u>Not more costly than an alternative drug, service(s), service site or supply that is at least as likely top produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of your Sickness, Injury, disease or symptoms</u>.

Answering paragraph 21, UHC admits that the quoted language appears in the plan and is a partial definition of the term "Medically Necessary."

22.

<u>On January 13, 2023, Plaintiff appealed the denial and pointed out that since Defendant was relying on an exclusion Defendant bore the burden of proof</u>.

Answering paragraph 22, UHC admits that by letter dated January 13, 2023, plaintiff sought review by an external reviewer.  For further response, UHC prays reference to the letter, which speaks for itself, for a full disclosure of its contents.

23.

<u>Plaintiff also submitted additional medical records and evidence that this</u>

treatment was not experimental and that it was medically necessary.

Answering paragraph 23, UHC admits that plaintiff submitted medical records in connection with her appeal.  Except as herein set out, paragraph 23 is denied.

24.

On January 30, 2023, Plaintiff received a letter from the Medical Review Institute of America, LLC an external reviewer giving her until February 20, 2023 to submit information.

Paragraph 24 is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.

On February 14, 2023, Plaintiff wrote Defendant enclosing Defendant's authorization which it insisted upon despite Plaintiff having already provided an authorization.

Answering paragraph 25, UHC admits that under date of February 14, 2023, plaintiff's attorney provided a Designation of Authorization Representative form executed by plaintiff.

26.

On February 17, 2023, Plaintiff wrote the external reviewer, Medical Review Institute of America enclosing information and asking for additional time

to respond.

Answering paragraph 26, UHC admits that plaintiff wrote to the external reviewer under date of February 17, 2023.  For further response, UHC prays reference to said letter for a full disclosure of its contents.

27.

On March 20, 2023, Plaintiff wrote Defendant and included a letter of medical necessity as well as many articles and studies from Plaintiff's doctor, Dr. Riso.

Answering paragraph 27, UHC admits that plaintiff's attorney wrote under date of March 20, 2023, and included a letter from Dr. Riso, as well as certain medical articles.

28.

On April 4, 2023, Defendant made its decision stating that treatment was excluded.

Answering paragraph 28, UHC admits that by letter dated April 4, 2023, UHC advised plaintiff that all internal appeal rights had been previously exhausted. For further response, UHC prays reference to its letter of April 4, 2023 for a full disclosure of its contents.  Except as herein set out, paragraph 28 is denied.

29.

On May 3, 2023, Plaintiff wrote the external reviewer, Medical Review

Institute of America, and stated that it had never heard back from the Medical

Review Institute of America and resubmitted all of the information regarding this

case.

Paragraph 29 is neither admitted nor denied for lack of knowledge or

information sufficient to form a belief as to the truth thereof.

30.

To date Plaintiff has never heard back from the Medical Review Institute of

America or received her external appeal.

Paragraph 30 is denied.  For further response, UHC shows that the external

reviewer upheld the denial of prior authorization by letter dated February 28, 2023.

31.

Internal administrative remedies have been exhausted.

Paragraph 31 is admitted.

### III.  CLAIM FOR RELIEF

### COUNT ONE

### DENIAL OF BENEFITS

32.

Plaintiff hereby realleges and incorporates by reference paragraphs 1

through 31 stated above.

For answer to paragraph 32, UHC adopts and incorporates by reference its

answers to paragraphs 1 through 31 the same as if herein set out verbatim.

33.

Defendant's refusal is a breach of the terms of Defendant's policy for which
Plaintiff had paid premiums.  Plaintiff is entitled to these benefits under
Defendant's policy for the following reasons:

a.    These benefits are permitted under the policy;

b.    Plaintiff has satisfied all conditions for eligibility for receipt of these
benefits; and

c.    Plaintiff had not waived or otherwise relinquished her entitlement to
these benefits in the proper amount under Defendant's policy for the following
reasons.

Paragraph 33 is denied.

34.

Defendant has refused to award health insurance benefits despite substantial
documentation.

Answering paragraph 34, UHC admits that plaintiff's request for prior
authorization was denied.  Except as herein set out, paragraph 34 is denied.

35.

As a result of Defendant's failure to aware health insurance treatment.
Plaintiff is entitled to relief as outlined below.

Paragraph 35 is denied.

36.

Except as specifically admitted herein, the allegations of Plaintiff's complaint are denied.

WHEREFORE, defendant UnitedHealthcare Insurance Company, having answered fully, prays that judgment be entered in its favor with costs cast upon plaintiff.

This 7th day of September, 2023.

*s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190
Elizabeth G. Brunette
Georgia Bar No. 560454

Attorneys for Defendant

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000
*kcoppage@foxrothschild.com*
*ebrunette@foxrothschild.com*

148566312.1

## <u>CERTIFICATE OF SERVICE</u>

The foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Heather K. Karrh, Esq.
Michael J. Hofrichter, Esq.
ROGERS, HOFRICHTER & KARRH, LLC
225 South Glynn Street, Suite A
Fayetteville, Georgia 30214

This 7th day of September, 2023.

*/s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190

Attorney for Defendant

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000
*kcoppage@foxrothschild.com*

148566312.1